**SO ORDERED.**

**SIGNED this 19th day of December, 2013.**



Janice Miller Karlin
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br>**Henry Anthony Eilert and**<br>**Betty Lynne Eilert,** | Case No. 13-41298<br>Chapter 13 |
| Debtors. | |

**Farmway Credit Union,**

        Plaintiff,

vs.                                     Adversary No. 13-7037

**Henry Anthony Eilert and**
**Betty Lynne Eilert,**

        Defendants.

**Memorandum Opinion and Order Granting Defendants'/ Debtors'**
**Motion to Dismiss, but Granting Plaintiff Fourteen Days to Amend**

Farmway Credit Union ("Creditor") filed a one and one-half page Rule

7001(6) adversary complaint against Defendants Henry Anthony Eilert and Betty Lynne Eilert ("Debtors"), claiming fraud and seeking a determination that a $9,185.18 debt it claims Debtors owe it is nondischargeable under the false pretenses, false representation, or actual fraud provisions in 11 U.S.C. § 523(a)(2)(A). Debtors filed a motion to dismiss, asserting that Creditor's complaint failed to state a claim as required by Fed. R. Civ. P. 12(b)(6). Because the Court agrees that Creditor's bare allegations do not state a claim, let alone meet the heightened pleading standards required in cases alleging fraud, under Fed. R. Civ. P. 9(b), the Court will grant Creditor 14 days to amend its complaint. If Creditor fails to do so, the Court will dismiss the complaint.

I.  **Factual Allegations in the Complaint**

The Court will consider the allegations in Creditor's complaint together with the additional allegations in the attachment to Creditor's response to Debtors' motion to dismiss.[1] Creditor alleges that, within ninety (90) days of

---

[1] *Carson v. Cudd Pressure Control, Inc*, 299 F. App'x. 845, 848 (10th Cir. 2008) (considering the complaint in conjunction with the response to determine whether a plaintiff successfully stated a claim). Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006). This allows the court to "take judicial notice of its own files and records, as well as facts which are a matter of public record;" *id*. In this case, the Court takes judicial notice of the proof of claim Creditor filed in the Debtors' main bankruptcy case and which it attached to its response to the motion to dismiss. This was the only attachment to the response.

-2-

declaring bankruptcy, Debtors took out multiple loans from Creditor for amounts in excess of $1000 on open and close ended loans. Creditor alleges that Debtors stated the loans were to finance a wedding in October 2013. Due to the time frames involved and the planning necessary to file a petition in bankruptcy, Creditor alleges Debtors applied for the loans with the intent to defraud the credit union. Creditor asserts Debtors were contemplating bankruptcy when they obtained the advances or that Debtors obtained the advances for purposes other than the stated purpose.

Creditor appears to argue that these facts raise a presumption that the charges were fraudulent and nondischargeable under 11 U.S.C. § 523(a)(2)(C). Creditor may also be arguing that this debt is nondischargeable more broadly under 11 U.S.C. § 523(a)(2)(A), but Creditor has not made this clear from its pleadings.

## II.  Standard for a Motion to Dismiss

Rule 12(b)(6) provides a vehicle for a party to challenge the legal sufficiency of a claim. The requirements for a legally sufficient claim stem from Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] To survive a motion to dismiss, a complaint must present factual allegations, that when assumed to be true,

---

[2] Fed. R. Civ. P. 8(a).

Case 13-07037    Doc# 12    Filed 12/19/13    Page 3 of 9

"raise a right to relief above the speculative level,"[3] and the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[4] "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[6] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[7] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

Where, as here, a party alleges fraud, Federal Rule of Civil Procedure

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Id.* at 570.

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

9(b)[9] requires the party to "state with particularity the circumstances constituting fraud," with general allegations only allowed for "malice, intent, knowledge, and other conditions of a person's mind." To survive a motion to strike, the party alleging fraud must "'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[10] In other words, the alleging party must specify the "'who, what, where, and when of the alleged fraud.'"[11]

## III. Analysis

An adversary proceeding to determine the dischargeability of particular debts is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court may exercise subject matter jurisdiction.[12]

Section 523(a)(2)(A) states, "A discharge . . . does not discharge any individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false

---

[9] Rule 9(b) is applicable in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7009.

[10] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 982, 987 (10th Cir. 1992)).

[11] *Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1156 (D. Kan. 2007) (quoting *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001)).

[12] 28 U.S.C. § 157(b)(1) and § 1334(b).

-5-

pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Section 523(a)(2)(C)(I) offers creditors two avenues to raise a presumption of fraud in the § 523(a)(2)(A) context:

> [F]or purposes of subparagraph (A), (I) consumer debts owed to a single creditor and aggregating more than $600 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and (II) cash advances aggregating more than $875 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable.

In summary, a creditor can argue a debt is nondischargeable either directly under § 523(a)(2)(A), in which case the creditor bears the burden of establishing fraud, or through § 523(a)(2)(C)(I) (I) or (II), which raises a rebuttable presumption of nondischargeability once the creditor shows that the elements of either subsection are met.[13]

In this case, Creditor fails to make the short and plain statement of the claim required by Rule 8(a). The Court—and these Debtors/Defendants—cannot determine whether Creditor is arguing nondischargeability directly

---

[13] *Discover Bank v. Hankins* (*In re Hankins*), No. 12-5114, 2012 WL 5409629, at *3 (Bankr. D. Kan. Nov. 5 2012).

under § 523(a)(2)(A) or through either § 523(a)(2)(C)(i)(I) or (II), or even through all three potential methods. Further, the Court cannot determine which loans Creditor seeks to have declared nondischargeable.[14] Although Creditor has filed a proof of claim and attaches the claim to its response, the response only refers to it generally and makes no effort to identify relevant portions or even the particular loan(s) at issue. And it is not the Court's role to construct allegations out of inchoate facts. Because the nature of Creditor's claim is impossible to determine, Creditor fails to state a claim.

Even assuming that Creditor seeks to establish nondischargeability through all three potential methods under § 523(a)(2)(A), Creditor still fails to state a claim. First, under § 523(a)(2)(A), a creditor may only state a claim by alleging facts that meet the following elements: (1) debtor used false pretenses, false representations, or actual fraud; (2) which debtor knew at the time to be false or fraudulent; (3) with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and 5) creditor sustained damage as a proximate result of the debtor's false pretenses, false representations, or actual fraud.[15] Here, even construing the complaint and

---

[14] In paragraph 3 of its 6 paragraph complaint, Creditor references "multiple loans," but in the very next paragraph, suggests there was only one loan by using the singular: "they took the loan out with the intent to defraud . . . ."

[15] *See In re Burton*, 2010 WL 3422584, at *4.

-7-

response generously, Creditor fails to allege facts supporting the fourth and fifth elements. Considering the heightened pleading standards required by Rule 9(b), the complaint also fails to allege the first element with the required specificity. Thus, Creditor fails to state a claim directly under § 523(a)(2)(A).

Second, to state a claim under § 523(a)(2)(C)(i)(I), a creditor must allege facts showing: "(1) a consumer debt; (2) owed to a single creditor; (3) aggregating more than $600; (4) for luxury goods or services; (5) incurred by an individual debtor; and (6) on or within 90 days before the filing of the petition."[16] Here, because Creditor fails to indicate which loan or loans it seeks to have declared nondischargeable, Creditor cannot establish any of the required elements.

Third and finally, to state a claim under § 523(a)(2)(C)(i)(II), a creditor must allege facts showing: (1) a cash advance aggregating more than $825; (2) obtained within seventy days of the date of the bankruptcy petition; (3) by an individual debtor; (4) that was an extension of consumer credit under an open end credit plan.[17] Once again, because Creditor fails to indicate which loans it seeks to have declared nondischargeable, Creditor cannot establish any of the

---

[16] *In re Hankins*, 2012 WL 5409629, at *3.

[17] *Weiland v. Viles* (*In re Viles*), Nos. 09-7006, 08-7077, 2010 WL 299246, at *12 (Bankr. D. Kan. Jan. 19, 2010).

required elements.

Because Creditor fails to state a claim, the complaint could be dismissed under Rule 12(b)(6). However, Creditor will be permitted an additional period of 14 days from publication of this order to request leave to amend the complaint, following D. Kan. Rule 15.1(a). If Plaintiff fails to timely file a motion for leave to amend in strict conformance with that Rule, including the requirement to attach a copy of the proposed amended pleading that addresses the deficiencies identified by the Court in this Order, Plaintiff's complaint will be dismissed without further notice.

**It is so ordered.**

# # #