**SO ORDERED.**

**SIGNED this 22nd day of January, 2014.**



Janice Miller Karlin
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**
**Henry Anthony Eilert and**            Case No. 13-41298-13
**Betty Lynne Eilert,**

                **Debtors.**

**Farmway Credit Union,**

                **Plaintiff,**

vs.                                     Adversary No. 13-7037

**Henry Anthony Eilert and**
**Betty Lynne Eilert,**

                **Defendants.**

**Memorandum Opinion and Order Denying Plaintiff's/Creditor's
Motion to File an Amended Complaint and Dismissing Creditor's
Original Complaint**

Farmway Credit Union ("Creditor") filed an adversary complaint[1] against Defendants Henry Anthony Eilert and Betty Lynne Eilert ("Debtors") in October 2013. It consisted of 10 substantive lines of text generically claiming Debtors had obtained $9,185.18 in loans that should not be discharged under 11 U.S.C. § 523(a)(2) [no further subsection provided]. Debtors filed a motion to dismiss,[2] asserting that the complaint failed to state a claim as required by Fed. R. Civ. P. 12(b)(6), and this Court agreed that Creditor's bare allegations did not state a claim.[3]

Rather than dismissing the complaint, this Court opted to grant Creditor 14 days to file a motion to amend its complaint, requiring it to attach the proposed Amended Complaint to its motion as required by D. Kan. Rule 15.1(a), so that Debtors, and ultimately this Court, could determine whether the amended complaint now stated a claim. Creditor filed that motion to amend,[4] but Debtors oppose it.[5] Creditor has not filed any pleading in further support of its motion, and the time to do so has expired. Because the Court finds that the proposed amended complaint still fails to state a

---

[1] Doc. 1.

[2] Doc. 9.

[3] Doc. 11.

[4] Doc. 14.

[5] Doc. 19.

claim, the Court denies Creditor's motion to amend and dismisses the original complaint.

## I. Standard for a Motion to Amend

Leave to amend a complaint is freely given when justice so requires.[6] A party is granted leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[7] A proposed amendment is futile if the amended complaint would be subject to dismissal.[8]

Debtors argue the proposed amended complaint would likewise be subject to dismissal under Rule 12(b)(6), and therefore the Court should deny the motion to amend. In its order granting the motion to dismiss, subject to Creditor timely amending its complaint, this Court articulated, in great detail, the requirements for a legally sufficient claim for the non-discharge of a debt under 11 U.S.C. § 523(a)(2). In brief, the order stated the complaint must contain "a short and plain statement of the claim showing that the

---

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and quotation marks omitted).

[8] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

pleader is entitled to relief."[9] The complaint must present factual allegations, that when assumed to be true, "raise a right to relief above the speculative level,"[10] and the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[11] "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. This contextual approach means comparing the pleading with the elements of the cause(s) of action."[12] A plaintiff must include in the complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."[13] "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[14]

---

[9] Fed. R. Civ. P. 8(a).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Id.* at 570.

[12] *Burnet v. Mortg. Elec. Registration Sys.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (internal citations and quotation marks omitted).

[13] *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). See also *Commonwealth Prop. Advoc., v. Mortg. Elec.*, 680 F.3d 1194, 1201–02 (10th Cir. 2011) (holding that a complaint must "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed").

[14] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## II. Analysis

Creditor's proposed amended complaint does provide some additional factual detail and more precise citations to the bankruptcy code, clarifying the exact subsections of § 523(a)(2) upon which it relies to argue that [significantly smaller] portions of Debtors' debt to it should not be discharged.[15] Creditor now argues that a loan Debtors originally sought on July 16, 2013, in the amount of $2,495.00, is nondischargeable under 11 U.S.C. § 523(a)(2)(C); Creditor's factual focus on luxury goods and the 90-day period preceding the bankruptcy further clarifies that Creditor seeks a determination that this debt is nondischargeable under § 523(a)(2)(C)(i) (I). That subsection creates a presumption of nondischargeability for "consumer debts owed to a single creditor and aggregating more than $600 for luxury goods or services incurred by an individual debtor on or within 90 days" of bankruptcy. Creditor also argues that a loan Debtors earlier sought— on May 14, 2013 in the amount of $973.91—is nondischargeable under § 523(a)(2)(A), admitting that because this debt was incurred more than 90 days before the bankruptcy petition, it cannot rely on the presumption of nondischargeability contained in § 523(a)(2)(C)(i) (I) for the $973.91 debt.

---

[15] The original complaint sought the non-discharge of $9,185.18. The proposed amended complaint seeks the non-discharge of only $2,495.

-5-

Taking the second argument first, Creditor fails to state a claim under § 523(a)(2)(A). As the Court stated in its previous opinion, a successful § 523(a)(2)(A) claim requires either direct or inferential allegations respecting the following elements: (1) debtor used false pretenses, false representations, or actual fraud; (2) which debtor knew at the time to be false or fraudulent; (3) with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and 5) creditor sustained damage as a proximate result of the debtor's false pretenses, false representations, or actual fraud.[16] Here, as in the first complaint, Creditor fails to allege facts supporting the fourth and fifth elements; the amended complaint remains silent on whether Creditor relied on whatever representations Debtors are alleged to have made (and which representations were purportedly false) and that its damages were *proximately caused* by those representations or other fraud. Finally, considering the heightened pleading standards required by Rule 9(b) when pleading fraud, the complaint also fails to allege the first element with the required specificity.[17] Thus, Creditor fails to state a claim directly under

---

[16] *See Barenburg v. Burton* (*In re Burton*), No. CO-10-022, 2010 WL 3422584, at *4 (10th Cir. BAP Aug. 31, 2010) and Memorandum Opinion and Order Granting Defendants'/ Debtors' Motion to Dismiss, but Granting Plaintiff Fourteen Days to Amend (Doc. 11).

[17] Perhaps Creditor hoped that attaching an exhibit (Exhibit A referenced in paragraph 8 of the proposed amended complaint) might provide the required specificity, but if so, it didn't assist because the Exhibit was not, in fact, attached. Debtors noted this

§ 523(a)(2)(A).

Creditor also fails to state a claim with respect to the July 16, 2013. loan, which Creditor seeks to have declared nondischargeable pursuant to § 523(a)(2)(C)(i)(I). To state a claim under § 523(a)(2)(C)(i)(I), a creditor must allege facts supporting the following elements: the debt is "(1) a consumer debt; (2) owed to a single creditor; (3) aggregating more than $600; (4) for luxury goods or services; (5) incurred by an individual debtor; and (6) on or within 90 days before the filing of the petition."[18] The fourth element, that the debt be for luxury goods or services, refers to a vendor's right to payment for luxury goods or services sold directly to a debtor, not to a lender's right to repayment of a cash loan that was eventually used to purchase a luxury good or service.[19] As a result, § 523(a)(2)(C)(i)(I) is inapplicable to the cash loan at issue here. Thus, the proposed amended complaint also fails to state a claim under § 523(a)(2)(C)(i)(I).

---

problem in their reply filed two weeks ago, but notwithstanding that notice, Creditor has never elected to provide that document or to respond to the Debtors' reply. The "intent" element is also not strongly plead, but the word "intent" is at least mentioned twice in the proposed amended complaint.

[18] *Discover Bank v. Hankins* (*In re Hankins*), No. 12-5114, 2012 WL 5409629, at *3 (Bankr. D. Kan. Nov. 5, 2012).

[19] *Aetna Fin. Co. v. Neal* (*In re Neal*), 113 B.R. 607, 610 (9th Cir. 1990). See also *Beneficial of Mo., Inc. v. Shurbier* (*In re Shurbier*), 134 B.R. 922, 927 (Bankr. W.D. Mo. 1991); *Brewer Fed. Credit Union v. D'Amboise* (*In re D'Amboise*), 232 B.R. 540, 542 (Bankr. D. Me. 1999).

The Court is aware, as Creditor states, that the facts in this case have not been fully elucidated because discovery has not been completed. Certainly, this limits the specificity with which any creditor can make allegations in a complaint. Nevertheless, a plaintiff must at least allege facts that directly or indirectly support the elements underlying any given claim. These facts may change through discovery and additional investigation, but at a minimum, a complaint should mention each element and in good faith suggest some way that the plaintiff can eventually muster factual support for those elements.

For example, in this case, Creditor could have alleged that it would not have made a loan to Debtors absent whatever fraud it contends allegedly occurred, and that Creditor examined the loan application and Debtors' credit history and found no reason to doubt Debtors' fraudulent representation (whatever that representation might have been here). Bare though it may be, such allegation would at least minimally allege the required justifiable reliance element of § 523(a)(2)(A). Failing to mention reliance at all, however, does not meet this element. Similarly, by failing to mention reliance, this Creditor also fails to allege its damages were proximately caused by whatever fraud Debtors allegedly engaged in or misrepresentations they allegedly made.

As the Tenth Circuit has clearly noted, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief" and these "[f]actual allegations must be enough to raise a right to relief above the speculative level."[20] If Creditor's allegations in its proposed amended complaint are taken as true, all Creditor has demonstrated is that Debtors borrowed money to help finance a wedding within 90 or more days of filing bankruptcy, and thus they must have intended to defraud Creditor because they did not repay the loan. That is not enough.[21]

## Conclusion

One of the principal purposes of the bankruptcy code is to grant honest debtors a "fresh start." To further this purpose, Congress warns creditors that if they bring a complaint seeking the non-discharge of a consumer debt and the debtor ultimately obtains a discharge of that debt, they might well be

---

[20] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008), quoting *Twombly*, 550 U.S. at 570.

[21] As Judge Nugent recently noted in In re Hankins), 2012 WL 409629 at *4, "[t]here are several *possible* inferences that can be drawn from this bare allegation. *Twombly* requires a plaintiff to plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Plausibility requires more than a "sheer possibility" that the defendant is liable under the claim alleged." In *Hankins*, the Court noted that at least that creditor alleged debtor's schedules showed no ability to pay for the charges she made to her Discover credit card account.

liable for payment of the reasonable attorney's fee and other costs associated with debtors having to defend such actions.[22] For that reason, and because of its desire to hear disputes on the merits, the Court gave this Creditor a second opportunity to meet its pleading burden, even providing a roadmap how to meet that burden in its first order, including citations to prevailing authority. But because Creditor's proposed amended complaint still fails to state a claim, the motion to amend the complaint must be denied and the original complaint is now dismissed.

**It is so ordered.**

###

---

[22] 11 U.S.C. § 523(d).

-10-

Case 13-07037    Doc# 23    Filed 01/22/14    Page 10 of 10