SO ORDERED.

SIGNED this 10th day of March, 2014.



Janice Miller Karlin
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:
**Henry Anthony Eilert and**          **Case No. 13-41298**
**Betty Lynne Eilert,**               **Chapter 13**

     **Debtors.**

_____

**Farmway Credit Union,**

     **Plaintiff,**

vs.                                   **Adversary No. 13-7037**

**Henry Anthony Eilert and**
**Betty Lynne Eilert,**

     **Defendants.**

_____

### Memorandum Opinion and Order Conditionally Granting
### Debtors'/Defendants' Motion for Attorney Fees

In October 2013, Farmway Credit Union ("Creditor") filed a one and one-half

page Rule 7001(6) adversary complaint against Defendants Henry Anthony Eilert

and Betty Lynne Eilert ("Debtors"), claiming fraud and seeking a determination

that a $9,185.18 debt it claimed Debtors owed it was nondischargeable under the false pretenses, false representation, or actual fraud provisions in 11 U.S.C. § 523(a)(2)(A).[1] Debtors moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),[2] asserting that Creditor's complaint failed to state a claim. I agreed that Creditor's bare allegations did not state a claim.[3] Rather than dismissing the case, I instead granted Creditor 14 days to file a motion to amend its complaint, requiring it to attach a copy of the proposed amended complaint so Debtors could assess whether they believed the amended complaint then stated a claim.

Creditor did file a proper motion to amend, attaching its proposed amended complaint,[4] this time asserting only $3,468.91 should be excepted from discharge, but Debtors argued the proposed amended complaint still failed to state a claim. I agreed, denied Creditor's motion to amend, and dismissed the original complaint.[5]

Debtors have now filed a motion for fees pursuant to 11 U.S.C. § 523(d).[6] Because the Court finds Creditor's position, as articulated in its two complaints, was not substantially justified, and that Creditor has not shown special circumstances to avoid a fee award, I conditionally grant Debtors' motion for

---

[1] Doc. 1.

[2] Doc. 9.

[3] Doc. 11.

[4] Doc. 14.

[5] Doc. 22.

[6] Doc. 27.

attorney fees.

Section 523(d) provides:

> [i]f a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The Tenth Circuit BAP explained the shifting burdens of proof under § 523(d) in *Commercial Fed. Bank v. Pappan* (*In re Pappan*).[7] After a debtor shows that the creditor filed a dischargeability action under § 523(a)(2), that the debt sought to be discharged is a consumer debt, and that the debt was discharged,[8] "the burden shifts to the creditor to show that its position was substantially justified or, if not, that special circumstances would make an award unjust."[9] If the court does not find substantial justification or special circumstances, it must award fees and costs to the debtor. In interpreting this statute, courts must remain cognizant that Congress

---

[7] 334 B.R. 678, 682 (10th Cir. BAP 2005).

[8] *Id.* Where, as here, the debt has not yet been discharged because Debtors are in a Chapter 13 repayment plan, a court may nonetheless determine whether attorney fees shall be awarded, and then stay entry of the judgment until discharge to meet the "debt was discharged" element. *Alliant Credit Union v. Baptiste* (*In re Baptiste*), Case No. 09 B 07338, 2010 WL 3834607, at *1 (Bankr. N.D. Ill. Sept. 24, 2010) ("[T]he statutory requirement [of discharge] is a bar to recovery under § 523(d) until the debt is discharged, not deprivation of jurisdiction to consider whether that recovery should be allowed conditional upon the discharge, with any judgment under § 523(d) stayed until discharge and judgment vacated if there is no discharge."). *See also In re Malone*, Case No. 10-02470-HB, 2011 WL 3800121, at *4 (Bankr. D.S.C. Aug. 29, 2011).

[9] *In re Pappan*, 334 B.R. at 682.

enacted this law to prevent (typically) deeper-pocket creditors from obtaining unfair leverage over debtors by filing a meritless suit and then seeking settlement, thereby forcing debtors to settle to avoid paying an attorney to defend the meritless suit, which many debtors cannot afford.[10]

Creditor does not dispute that it filed a dischargeability action under § 523(a)(2) and that the debt it sought to except from discharge is a consumer debt. And because I will make this fee award contingent on Debtors receiving a discharge, Debtors have met their burden of proof under § 523(d). The burden thus shifts to Creditor.

Creditor here argues that its position was substantially justified, but it also seems to suggest that special circumstances exist to make an award unjust.[11] It frankly admits that "its attorneys did not adequately plead the complaint for nondischargeability," but then states that fact does not require a finding that its position was not substantially justified. It then argues that because the law firm representing the creditor "has agreed to provide uncompensated services equivalent to the value of the clearly nondischargeable debt to its client and has also removed charges from the client's bill for [representing it] for this lawsuit," the allegations were either substantially justified or that it would be unjust to award fees.

To determine whether a creditor's position was substantially justified, a court

---

[10] *Mercantile Bank of Illinois v. Williamson* (*In re Williamson*), 181 B.R. 403, 409 (Bankr. W.D. Mo. 1995).

[11] Doc. 28, at 1.

-4-

should consider whether the plaintiff has shown "a reasonable basis for the facts asserted; a reasonable basis in the law for the legal theory proposed; and support for the legal theory by the facts alleged."[12] Although Creditor now tries to reargue whether its two complaints did, or at some point could have, stated a claim, and attempts to present additional evidence and arguments that it failed to present when defending those complaints from Debtors' Rule 12(b)(6) motions, most courts in situations like this—where the case did not proceed to trial—have looked solely to the complaint itself to determine if the position Creditor took there was substantially justified.[13] I agree that is the correct procedure. Allowing creditors to bolster an argument after the fact would leave those creditors free to file suit without careful consideration of its merits, in hopes of later bolstering the lawsuit if necessary (after debtor has had to retain a lawyer to defend a seemingly meritless complaint) to avoid a § 523(d) fee award. Allowing such an approach would defeat § 523(d)'s goal of dissuading creditors from filing poorly-prepared lawsuits in the first

---

[12] *In re Pappan*, 334 B.R. at 683.

[13] *See Heritage Pac. Fin. v. Machuca* (*In re Machuca*), 483 B.R. 726, 736 (9th Cir. BAP 2012) ("In short, [after losing on a summary judgment motion], the doctrine of issue preclusion estops [creditor] from arguing that the bankruptcy court was wrong, or that [creditor] had an undisclosed basis in law and fact for its . . . claim."); *Discover Bank v. Warren* (*In re Warren*), Case No. 11-06879-dd, 2013 WL 6183869, at *13 (Bankr. D.S.C. Nov. 26, 2013) ("Given the lack of factual allegations in the initial complaint that formed the basis for Plaintiff's position that the debt owed was nondischargeable, the Court finds Plaintiff's position was not substantially justified at the time it filed this case."); *In re Malone*, 2011 WL 3800121, at *6 (holding that the creditor was not reasonably justified in asserting a claim against a debtor because the claim was dismissed on a motion to dismiss); *and Bank One Del. v. Hamilton* (*In re Hamilton*), Case No. Bankr. 04-13338-SBB, 2004 WL 1898218, at *4 (Bankr. D. Colo. Aug. 4, 2004) (awarding fees under § 523(d) on the basis of the complaint as plead).

-5-

instance, hoping for a quick settlement since most debtors are not in a position to hire a lawyer to defend.

Assessed in this manner, it is clear that Creditor's position *as stated in its complaints* was not substantially justified. Creditor now essentially argues that facts did exist to allow it to state a claim, but that its law firm simply failed to properly articulate that claim. But here, this Creditor twice failed to state a claim under § 523(a)(2), and that failure makes it clear that its position was not substantially justified at the time it commenced this adversary proceeding.

In its first complaint, Creditor failed to make the short and plain statement of a claim required by Rule 8(a). I could not determine the statutory basis for Creditor's nondischargeability argument or even which loans Creditor sought to have declared nondischargeable. But instead of dismissing the case, I elected to give Creditor a second opportunity to meet its pleading burden. My decision essentially provided a roadmap how Creditor could meet that burden.[14] But Creditor again failed to take a tenable position in its amended complaint by failing to even allege facts establishing all elements of any purported basis for nondischargeability. Under these circumstances, I find § 523(d) requires a fee award unless Creditor can demonstrate that special circumstances exist that would make the award unjust.

Although Creditor doesn't use the term "special circumstances" in arguing I should not award fees, it effectively makes that argument by stating I should not

_____

[14]  Doc. 11.

-6-

award fees because the law firm, and the Creditor I presume, has suffered enough from having the complaints dismissed and because the law firm has had to write off the fee it would have charged this client for its work. But this argument misses the point, which is that Debtors had to hire a lawyer to defend this action <u>and</u> that Creditors could have avoided its harm by properly pleading its case, if one existed.

The purpose of § 523(d) is to protect debtors from unreasonable challenges to dischargeability of debts without deterring creditors from making challenges when it is reasonable to do so.[15] So when this Creditor and its law firm argue they should not be punished with a § 523(d) award because they have now lost money as a result of filing not one, but two complaints, which even they admit were defective, they miss the point that Debtors are also being punished if the attorney fees Debtors incurred are not reimbursed. I find Creditor has not shown that special circumstances exist that would make an award unjust.

Regarding the amount of the fee to be awarded, Creditor stipulates the $200 hourly rate is appropriate,[16] and I agree. Debtors' counsel is an experienced bankruptcy lawyer who easily commands this fee. But Creditor then argues that Debtors' attorney spent too much time responding to its complaints. Because Debtors were required to pay their attorney to respond to two separate complaints, as set out in counsel's statement of time and expenses, and because, as my opinions

---

[15] *In re McCahon*, 2013 WL 4772968 (Bankr. D. Kan. 2013) citing *Citizens National Bank v. Burns (In re Burns)*, 894 F.2d 361, 362 n.2 (10th Cir.1990).

[16] Doc. 28, at 4.

reveal, it was not easy to parse out the allegations in the two complaints, I disagree that the 11.42 hours counsel spent defending this entire adversary proceeding was excessive. After a thorough review of Debtors' fee submissions, I find the time spent by Debtors' attorney was entirely appropriate. Therefore, the Court awards Debtors their attorney fees in the amount of $2,284.00.

Upon filing their application for discharge, Debtors may request entry of a judgment awarding attorney fees and costs in this amount under § 523(d), consistent with this Order. Until then, this fee award is stayed.

**It is so ordered.**

### ###